UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:21-cv-82107-DMM

DANIELLE GREENBERG, individually
and on behalf of all others
similarly situated,

       Plaintiff,

v.

HP INC.,

       Defendant.
_____/

**DEFENDANT HP INC.'S UNOPPOSED MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF ITS MOTION TO DISMISS WITH PREJUDICE**

Defendant HP Inc. ("HP") hereby moves for a stay of discovery in this action pending the Court's resolution of HP's Motion to Dismiss Plaintiff Danielle Greenberg's ("Plaintiff") Complaint with prejudice (D.E. 17) ("MTD").  In support, HP states:

## **INTRODUCTION**

Plaintiff filed this action on November 19, 2021, asserting eight common law and statutory claims against HP on behalf of a putative nationwide class of millions of purchasers of dozens of distinct HP model notebook computers over the last four years. As set forth in HP's Motion to Dismiss filed January 6, 2022, Plaintiff's Complaint suffers from myriad, incurable defects.  At the threshold, Plaintiff, who purchased a single model notebook computer from a Costco wholesale store in Lantana, Florida, cannot establish Article III standing to bring claims for products she did not purchase, or claims arising under laws of states other than Florida.  HP seeks dismissal of such claims with prejudice.  *See* MTD at 4-6.

Plaintiff's individual claims also each fail for numerous reasons.  Her fraud-based claims fail because she has not identified any actionable misrepresentation or omission relating to her model notebook computer.  And having already trawled the Internet searching for a statement that would support such a claim, Plaintiff's Complaint establishes that she cannot do so.  *See* MTD at 6-12, 18-20.

Plaintiff's state warranty claims likewise fail, including because she is not in privity of contract with HP (as is required for implied warranty claims), did not give proper notice of her warranty claim in advance of filing her suit (as is required for both implied and express warranty claims), and otherwise alleges a design defect not covered by the warranty.  *See id.* at 12-17.  Her derivative federal Magnuson-Moss Act fails along with her state warranty claims, and also because Plaintiff has not met the jurisdictional prerequisites under the statute.  *See id.* at 17-18.

Although Plaintiff may well oppose HP's motion to dismiss, she does not oppose a stay of discovery pending this Court's resolution of the motion.  For this reason, and because HP's motion could dispose of this putative class action entirely, and at a minimum will inform its shape and bounds, HP respectfully submits that good cause exists to stay all discovery until the Court resolves HP's motion to dismiss.

61655108;1

## DISCUSSION

A district court enjoys "'broad discretion to stay proceedings as an incident to its power to control its own docket.'" *Chevaldina v. Katz*, 2017 WL 6372620, at *2 (S.D. Fla. Aug. 28, 2017) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). As a general matter, "reasonableness and good cause" must exist to warrant a stay. *Id.* Further, the Eleventh Circuit, as this Court has observed, "has counseled that '[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins.'" *Torongo v. Robert G. Roy, D.V.M., M.S., P.A.*, 2016 WL 10706286, at *1 (S.D. Fla. Jan. 28, 2016) (Middlebrooks, J.) (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)); *see also Bell v. U.S. Bank Nat'l Ass'n*, 793 F. App'x 989, 990 (11th Cir. 2020) (explaining that "motions to dismiss based on a facial challenge to the complaint should be resolved before discovery begins" (citing *Chudasama*, 123 F.3d at 1367)).

"In *Chudasama*, the Eleventh Circuit stressed that 'unnecessary costs to the litigants and to the court system can be avoided' if the district court dismisses 'nonmeritorious claim[s] before discovery has begun.'" *Internaves De Mexico s.a. de C.V. v. Andromeda Steamship Corp.*, 2017 WL 7794599, at *2 (S.D. Fla. Feb. 24, 2017) (Middlebrooks, J.) (quoting *Chudasama*, 123 F.3d at 1367). Thus, "'any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.'" *Id.* at *1 (quoting *Chudasama*, 123 F.3d at 1368).

Applying these familiar precedents, this Court and others in this circuit have repeatedly granted stays of discovery where, as here, the resolution of threshold issues in a motion to dismiss would avoid the premature and potentially unnecessary expenditure of judicial and party resources. *See, e.g.*, *Torongo*, 2016 WL 10706286, at *1 (staying "discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile" and the defendant's motion to dismiss "raise[d] substantial questions as to the legal sufficiency of the Complaint"); *Marquez v. Amazon.com, Inc.*, Case No. 9:21-cv-80392-DMM, Order Granting Motion to Stay [D.E. 44] (Middlebrooks, J.) (granting stay in a putative class action where a "preliminary evaluation of the relative merits of the Parties' positions" indicates that the defendant's motion to dismiss had the potential to be dispositive); *Taylor v. Serv. Corp. Int'l*, 2020 WL 6118779, at *2 (S.D. Fla. Oct. 16, 2020) (staying discovery in a putative class action where defendants "challenged the viability of all five claims as a matter of law under Rule 12(b)(6)"); *In re Mednax Servs., Inc., Customer*

*Data Sec. Breach Litig.*, 2020 WL 12432704, at *3 (S.D. Fla. Oct 10, 2020) (granting stay pending ruling on a motion to dismiss plaintiff's complaint to "save counsel, the parties, and the Court significant time and effort"). For three reasons, the Court should do the same here.

First, HP's motion to dismiss indisputably "raises substantial questions as to the legal sufficiency of the Complaint." *Torongo*, 2016 WL 10706286, at *1. Indeed, HP's motion seeks dismissal of the Complaint in its entirety. Further, to the extent any of Plaintiff's individual claims survive dismissal with leave to amend—and they should not—both the putative nationwide class claims, and claims relating to notebook models other than the model purchased by Plaintiff, are independently subject to dismissal with prejudice, for lack of Article III standing. When a motion to dismiss presents a facial challenge to the substantive claims or "legitimate standing challenges like those present in [HP]'s Motion to Dismiss, discovery should not commence until such challenges are resolved." *Taylor*, 2020 WL 6118779, at *3 (collecting cases); *accord Padilla v. Porsche Cars N. Am., Inc.*, 2019 WL 1281484, at *1 (S.D. Fla. Mar. 19, 2019) (staying discovery where defendant argued claims were not plausibly alleged).

Second, "[t]he complexity of this action supports granting a discovery stay because discovery in complex class actions has the potential to consume vast resources." *In re: Mednax Servs., Inc.*, 2020 WL 12432704, at *2 (citation and quotation marks omitted); *see also Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1292 (11th Cir. 2005) (noting the importance of resolving facial challenges before discovery begins, "especially when the challenged claim will significantly expand the scope of allowable discovery") (citation omitted); *Taylor*, 2020 WL 6118779, at *3 (explaining that the rule pronounced in *Chudasama* is "particularly appropriate in large putative class action cases such as this"). Here, it is manifest that class discovery relating to the dozens of notebook models purchased anywhere in the United States over the last four years would be immensely burdensome to HP, such that this Court should rule on the motion to dismiss before permitting such expansive class discovery.[1] Because Plaintiff's claims stand to "'unduly enlarge the scope of discovery,'" this Court should rule on HP's motion to dismiss "'before the discovery stage'" proceeds. *Internaves De Mexico*, 2017 WL 7794599, at *2 (quoting *Chudasama*, 123 F.3d at 1367); *see also Leace v. Gen. Motors LLC*, 2021 WL 2827759, at *2-3 (S.D. Fla. July 8, 2021)

---

[1] Even if the Court only partially grants HP's motion to dismiss—by, for example, limiting the case to Plaintiff's specific model and only Florida purchasers—it would dramatically alter the shape of this action and, as a result, the scope of discovery.

(staying discovery in putative class action "to prevent extensive and expensive discovery from going forward until the Court is able to effectively determine the validity of Plaintiff's claims").

Third, recognizing the principles of efficiency supporting a stay of discovery pending resolution of HP's threshold motion to dismiss, Plaintiff does not oppose a stay here. Nor will Plaintiff be prejudiced by a stay of discovery pending the Court's ruling on HP's motion to dismiss. The principles of efficiency and the balance of interests support a stay even if HP's motion to dismiss does not dispose of this action entirely. In such a case, discovery should still await this Court's determination of the parameters of any remaining claims, and Plaintiff will not be prejudiced because "should the case proceed, Plaintiff will have ample opportunity to conduct discovery." *Leace*, 2021 WL 2827759, at *2.

## CONCLUSION

HP's motion to dismiss raises numerous meritorious and potentially case-dispositive arguments in favor of the dismissal of the entire Complaint, and the balance of harms weighs heavily in favor of staying discovery pending the resolution of the motion. For these and the reasons set forth herein, HP respectfully requests that this Court stay all discovery pending a ruling on its motion to dismiss.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), I certify that counsel for movants has conferred with counsel for Plaintiff in a good faith effort to resolve the issues presented in this Motion. Plaintiff's counsel does not object to the relief requested in this Motion.

Dated January 10, 2022                                   Respectfully submitted,

                                                         By: /s/ Dianne O. Fischer
Michael J. Stortz                                        Dianne O. Fischer
(*pro hac vice*)                                         Florida Bar No. 994560
*mstortz@akingump.com*                                   *deedee.fischer@akerman.com*
Marshall L. Baker                                        Sandra J. Millor
(*pro hac vice*)                                         Florida Bar No. 13742
*mbaker@akingump.com*                                    *sandra.millor@akerman.com*

**AKIN GUMP STRAUSS HAUER & FELD LLP**                   **AKERMAN LLP**
580 California Street, Suite 1500                        Three Brickell City Centre
San Francisco, CA  94194                                 98 Southeast Seventh Street, Suite 1100
Telephone: (415) 765-9500                                Miami, FL  33131
Facsimile: (415) 765-9501                                Telephone: (305) 374-5600
                                                         Facsimile: (305) 349-4654

4

61655108;1